## IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **ASHLEY MATTHEWS, et al.,** : | |
| : | |
| **Plaintiffs,** : | |
| : | |
| **v.** : | **Case No.: 1:22-cv-00297-AJT-TCB** |
| : | |
| **COMMERCIAL CONDOMINIUM** : | |
| **MANAGEMENT COMPANY,** : | |
| : | |
| **Defendant.** : | |
| : | |

## ANSWER AND AFFIRMATIVE DEFENSES OF
## DEFENDANT COMMERCIAL CONDOMINIUM MANAGEMENT COMPANY

Defendant Commercial Condominium Management Company ("Defendant" or "CCMC"), by and through undersigned counsel, hereby answers the First Amended Complaint filed by Plaintiffs Ashley Matthews ("Matthews") and Veronica Medrano ("Medrano"), individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), denying all allegations not specifically admitted, as follows:

## I.      SUMMARY OF ACTION

1.      Paragraph 1 of the First Amended Complaint contains Plaintiffs' summary of the allegations in the Complaint and no response is required.  To the extent a response is required, the allegations are denied.

2.      Paragraph 2 of the First Amended Complaint contains Plaintiffs' summary of the allegations in the Complaint and no response is required.  To the extent a response is required, the allegations are denied.

3.      CCMC admits the allegations in Paragraph 3 of the First Amended Complaint.

4.       CCMC admits the allegations in Paragraph 4 of the First Amended Complaint.

5.       Paragraph 5 of the First Amended Complaint contains Plaintiffs' description of the putative collective for an action under the Fair Labor Standards Act of 1938 ("FLSA") and no response is required.  To the extent a response is required, the allegations are denied.

6.       Paragraph 6 of the First Amended Complaint contains a summary of the relief sought by Plaintiffs in the purported FLSA collective action and no response is required.  To the extent a response is required, the allegations are denied.  Defendant specifically denies that Plaintiffs are entitled to any relief whatsoever.

7.       Paragraph 7 of the First Amended Complaint contains Plaintiffs' description of the putative collective for an action under the Virginia Overtime Wage Act ("VOWA") and no response is required.  To the extent a response is required, the allegations are denied.

8.       Paragraph 8 of the First Amended Complaint contains a summary of the relief sought by Plaintiffs in the purported VOWA collective action and no response is required.  To the extent a response is required, the allegations are denied.  Defendant specifically denies that Plaintiffs are entitled to any relief whatsoever.

9.       Paragraph 9 of the First Amended Complaint contains a purported reservation of rights by Plaintiffs to propose amended class definitions and/or sub-classes and no response is required.  To the extent a response is required, the allegations are denied.

10.      Paragraph 10 of the First Amended Complaint contains Plaintiffs' summary of CCMC's alleged violations of the Virginia Wage Payment Act ("VWPA") and no response is required.  To the extent a response is required, the allegations are denied.

11.     Paragraph 11 of the First Amended Complaint contains Medrano's summary of additional alleged violations of the VWPA and no response is required.  To the extent a response is required, the allegations are denied.

12.     Paragraph 12 of the First Amended Complaint contains a summary of the relief sought by Plaintiffs for alleged violations of the VWPA and no response is required.  To the extent a response is required, the allegations are denied.  Defendant specifically denies that Plaintiffs are entitled to any relief whatsoever.

13.     Paragraph 13 of the First Amended Complaint contains a summary of Medrano's purported discrimination claims under the American with Disabilities Act ("ADA"), the Virginia Human Rights Act ("VHRA"), Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 1981, and other unspecified claims to which no response is required.  To the extent a response is required, CCMC denies that it violated the ADA, VHRA, Title VII, 42 U.S.C. § 1981, or any other statute. Any remaining allegations are denied.

## II.     JURISDICTION AND VENUE

14.     The allegations in Paragraph 14 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

15.     The allegations in Paragraph 15 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

16.     The allegations in Paragraph 16 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

17.     The allegations in Paragraph 17 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

III.   **PARTIES**

18.     CCMC admits the allegations in Paragraph 18 of the First Amended Complaint.

19.     CCMC admits the allegations in Paragraph 19 of the First Amended Complaint.

20.     CCMC admits the allegations in Paragraph 20 of the First Amended Complaint.

21.     CCMC admits only that it formerly employed Matthews and Medrano.  CCMC lacks sufficient information to admit or deny the remaining allegations in Paragraph 21 of the First Amended Complaint as it is unclear who Plaintiffs allege are "similarly situated" to them.  To the extent a response is required, the remaining allegations are denied.

22.     CCMC provides management services for commercial condominium owners.  As such, it does not have "gross annual sales" as alleged in Paragraph 22 of the First Amended Complaint.  CCMC therefore denies the allegation that its "gross annual sales made" is $500,000.00 or greater.  The allegations in Paragraph 22 of the First Amended Complaint that CCMC "operates in interstate commerce" and that Plaintiffs "were engaged in commerce and/or in the production of goods for commerce" are legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.  Any remaining allegations are denied.

IV.   **FACTUAL ALLEGATIONS**

A.     **Background – Defendant CCMC**

23.     CCMC admits the allegations in Paragraph 23 of the First Amended Complaint.

24.     CCMC admits the allegations in Paragraph 24 of the First Amended Complaint.

4

25.     CCMC denies the allegations in Paragraph 25 of the First Amended Complaint.

26.     CCMC denies the allegations in Paragraph 26 of the First Amended Complaint.

**B.      Background – Plaintiff Matthews**

27.     CCMC admits the allegations in Paragraph 27 of the First Amended Complaint.

28.     CCMC admits the allegations in Paragraph 28 of the First Amended Complaint.

29.     CCMC admits the allegations in Paragraph 29 of the First Amended Complaint.

30.     CCMC admits the allegations in Paragraph 30 of the First Amended Complaint.

31.     CCMC admits the allegations in Paragraph 31 of the First Amended Complaint.

32.     CCMC admits the allegations in Paragraph 32 of the First Amended Complaint.

33.     CCMC denies the allegations in Paragraph 33 of the First Amended Complaint.

34.     CCMC admits that data entry and template paperwork, including the activities described in subparagraphs (a) through (g), are examples of some but not all of the job duties of an Assistant Property Manager position.  CCMC denies that such activities are the "primary job duties" of the Assistant Property Manager position.  Any remaining allegations in Paragraph 34 of the First Amended Complaint are denied.

35.     CCMC denies the allegations in Paragraph 35 of the First Amended Complaint.

36.     CCMC admits the allegations in Paragraph 36 of the First Amended Complaint.

37.     CCMC admits the allegations in Paragraph 37 of the First Amended Complaint.

38.     CCMC admits the allegations in Paragraph 38 of the First Amended Complaint.

39.     CCMC denies the allegations in Paragraph 39 of the First Amended Complaint.

40.     CCMC denies the allegation that "Plaintiff Matthews and other Assistant Property Managers did not have authority to decide the amount to charge customers" as phrased.  As a management company for commercial condominiums, CCMC does not have authority to set or

negotiate condominium fees.  The remaining allegations in Paragraph 40 of the First Amended Complaint are denied.

41.     CCMC denies the allegations in Paragraph 41 of the First Amended Complaint.

42.     CCMC denies the allegations in Paragraph 42 of the First Amended Complaint.

43.     CCMC denies the allegations in Paragraph 43 of the First Amended Complaint as phrased because CCMC does not advertise the company's services or properties.

44.     CCMC denies the allegation that "[a]ll decisions with respect to matters of significance were by made CCMC's Property Managers and owners" as phrased.  CCMC denies the allegation that "Assistant Property Managers did not have the ability to exercise discretion and independent judgment."   The remaining allegations in Paragraph 44 of the First Amended Complaint are denied.

45.     CCMC admits that Matthews was paid a salary of $2,038.46 per pay period and that a pay period consists of eighty (80) hours.  CCMC further admits that $2,038.46 divided by eighty (80) hours is equivalent to $25.48 per hour.  CCMC denies any implication in Paragraph 45 of the First Amended Complaint that Matthews was a non-exempt employee or paid on an hourly basis.  Any remaining allegations are denied.

46.     CCMC admits that Matthews and other Assistant Property Managers are not paid for hours worked above 40 per week but denies any implication that Matthews or other Assistant Property Managers are non-exempt employees entitled to overtime pay, or that they did not receive all proper wages for time worked.   Any remaining allegations in Paragraph 46 of the First Amended Complaint are denied.

47.     CCMC admits the allegations in Paragraph 47 of the First Amended Complaint.

48.     CCMC denies the allegations in Paragraph 48 of the First Amended Complaint as phrased.  While there was not a formal system for clocking in and out, employees are required to utilize CCMC's systems to track vacation and sick time.  Any remaining allegations are denied.

49.     CCMC denies the allegation that Matthews "regularly worked more than 40 hours per week."  CCMC denies that other Assistant Property Managers did not receive proper wages for time worked.  Any remaining allegations in Paragraph 49 of the First Amended Complaint are denied.

50.     CCMC denies the allegations in Paragraph 50 of the First Amended Complaint.

51.     CCMC admits the allegations in Paragraph 51 of the First Amended Complaint.

52.     CCMC denies that Matthews "regularly worked more than 40 hours per week." CCMC denies that other Assistant Property Managers did not receive proper wages for time worked.  Any remaining allegations in Paragraph 52 of the First Amended Complaint are denied.

53.     .CCMC denies that Matthews worked any hours for which she was not properly compensated.  Any remaining allegations in Paragraph 53 of the First Amended Complaint are denied.

54.     CCMC admits only that Matthews worked at the CCMC office during the period of approximately November 18, 2019 through March 1, 2020.  The remaining allegations in Paragraph 54 of the First Amended Complaint are denied.

55.     CCMC admits only that Matthews worked at home or on a hybrid schedule during the period of approximately March 1, 2020 through June 1, 2021 as a result of the pandemic.  The remaining allegations in Paragraph 55 of the First Amended Complaint are denied.

56.     CCMC admits only that Matthews worked from both CCMC's office and her home during the period of approximately June 1, 2021 through October 1, 2021.  The remaining allegations in Paragraph 56 of the First Amended Complaint are denied.

57.     CCMC admits only that Matthews worked from both CCMC's office and her home during the period of approximately October 1, 2021 through January 27, 2022.  The remaining allegations in Paragraph 57 of the First Amended Complaint are denied.

58.     CCMC denies the allegations in Paragraph 58 of the First Amended Complaint. According to CCMC's records, Matthews took off approximately 53 days during her employment.

59.     CCMC denies the allegations in Paragraph 59 of the First Amended Complaint.

60.     CCMC denies the allegations in Paragraph 60 of the First Amended Complaint.

61.     CCMC admits only that there was a slight delay in Matthews receiving her wages for her final pay period, which was quickly rectified.  As Matthews has since received her pay for the period January 17, 2022 through January 27, 2022, CCMC denies the allegation that CCMC "did not pay her for this period at all."  CCMC denies any remaining allegations in Paragraph 61 of the First Amended Complaint.

**C.     Background – Plaintiff Medrano**

62.     CCMC admits the allegations in Paragraph 62 of the First Amended Complaint.

63.     CCMC admits the allegations in Paragraph 63 of the First Amended Complaint.

64.     CCMC admits that clerical work, including the activities described in Paragraph 64 of the First Amended Complaint, are examples of some but not all of the job duties of the receptionist position.  CCMC denies any remaining allegations.

65.     CCMC denies the allegations in Paragraph 65 of the First Amended Complaint. CCMC further states that Medrano did not work more than 40 hours per week as a Receptionist.

66.     CCMC denies the allegations in Paragraph 66 of the First Amended Complaint.

67.     CCMC admits that, from approximately September 2017 to January 28, 2022, Medrano worked in a bookkeeping/administrative assistant role but denies that this position had a title of "Accounts Payable/Receivable Assistant" or "Office Manager" as alleged in Paragraph 67 in the First Amended Complaint.  Any remaining allegations are denied.

68.     CCMC denies the allegations in Paragraph 68 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant."

69.     CCMC denies the allegations in Paragraph 69 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant."

70.     CCMC denies the allegations in Paragraph 70 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant."

71.     CCMC denies the allegations in Paragraph 71 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC admits that the general duties described in subparagraphs (a) through (c) are reflective of some of Medrano's duties in her bookkeeping/administrative assistant role.  CCMC denies any remaining allegations in Paragraph 69 or its subparts.

72.     CCMC denies the allegations in Paragraph 72 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CMMC further denies that Medrano "constantly had a stacked pile of invoices on her desk" and that Medrano "processed approximately 1500 – 2000 invoices monthly."  Any remaining allegations are denied.

73.     CCMC denies the allegations in Paragraph 73 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant."

74.     CCMC denies the allegations in Paragraph 74 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant."

75.     CCMC admits the allegations in Paragraph 75 of the First Amended Complaint.

76.     CCMC denies the allegations in Paragraph 76 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC admits that Medrano did not have authority to hire or fire employees.

77.     CCMC denies the allegations in Paragraph 77 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC admits that Medrano did not have authority to discipline employees.

78.     CCMC denies the allegations in Paragraph 78 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC admits that Medrano did not have authority to negotiate prices, negotiate contracts, or to make payments or purchases on behalf of the company.

79.     CCMC denies the allegations in Paragraph 79 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC admits that Medrano did not have authority to charge customers, or to negotiate with customers.

80.     CCMC denies the allegations in Paragraph 80 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC admits that Medrano did not have authority to bind CCMC to contracts.

81.     CCMC denies the allegations in Paragraph 81 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC admits that Medrano did not have authority to negotiate with vendors.

82.     CCMC denies the allegations in Paragraph 82 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC further denies the allegations in Paragraph 80, as CCMC does not generally advertise the company's services or properties.

83.     CCMC denies the allegation that "[a]ll decisions with respect to matters of significance were by made CCMC's Property Managers and owners" as phrased.  The remaining allegations in Paragraph 83 of the First Amended Complaint are denied.

84.     CCMC admits that Medrano was paid a salary of $1,373.08 per pay period and that a pay period consists of eighty (80) hours.  CCMC further admits that $1,373.08 divided by eighty (80) hours is equivalent to $17.16 per hour.  Any remaining allegations in Paragraph 84 of the First Amended Complaint are denied.

85.     CCMC denies the allegations in Paragraph 85 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant."

86.     CCMC denies the allegations in Paragraph 86 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant."

87.     CCMC denies the allegations in Paragraph 87 of the First Amended Complaint as phrased.  While there was not a formal system for clocking in and out, employees are required to utilize CCMC's systems to track vacation and sick time.

88.     CCMC denies the allegations in Paragraph 88 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC further denies that Medrano ever worked more than 40 hours per week.

89.     CCMC denies the allegations in Paragraph 89 of the First Amended Complaint.

90.     CCMC admits the allegations in Paragraph 90 of the First Amended Complaint.

91.     CCMC denies the allegations in Paragraph 91 of the First Amended Complaint as phrased because there is no position with a title of "Accounts Payable/Receivable Assistant." CCMC further denies that Medrano ever worked more than 40 hours per week.  Any remaining allegations are denied.

92.     CCMC denies the allegations in Paragraph 92 of the First Amended Complaint.

93.     CCMC denies the allegations in Paragraph 93 of the First Amended Complaint.

94.     CCMC admits that Medrano worked at the CCMC office during the period of approximately January 1, 2019 through December 31, 2019.  CCMC further admits that Medrano took over 20 days off from work during that same period.  The remaining allegations in Paragraph 94 of the First Amended Complaint are denied.

95.     CCMC admits that Medrano took off several weeks during 2020 for medical reasons.  The remaining allegations in Paragraph 95 of the First Amended Complaint are denied.

96.     CCMC admits that Medrano worked from both the CCMC office and her home during the period of approximately January 1, 2021 through December 31, 2021.  CCMC further admits that Medrano took off at least three weeks during 2021.  The remaining allegations in Paragraph 96 of the First Amended Complaint are denied.

97.     CCMC admits that Medrano worked from her home during the period of approximately January 1, 2022 through January 28, 2022.  The remaining allegations in Paragraph 97 of the First Amended Complaint are denied.

98.     CCMC denies the allegations in Paragraph 98 of the First Amended Complaint.

99.     CCMC denies the allegations in Paragraph 99 of the First Amended Complaint.

100.    CCMC denies the allegations in Paragraph 100 of the First Amended Complaint.

101.    CCMC admits that Paychex, its payroll agent, deducted a portion of Medrano's wages in accordance with a child support order from the State of Missouri.  Any remaining allegations in Paragraph 101 of the First Amended Complaint are denied.

102.    The allegations in Paragraph 102 of the First Amended Complaint refer to a written document that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

103.    CCMC admits that Paychex, its payroll agent, deducted a portion of Medrano's wages in accordance with a child support order from the State of Missouri.  Any remaining allegations in Paragraph 103 of the First Amended Complaint are denied.

104.    CCMC admits that Medrano did not "provide any written and signed authorization for this withholding from her wages" but denies that any such authorization was necessary since Paychex, CCMC's payroll agent, deducted the required portion of Medrano's wages in accordance with a child support order from a court for the State of Missouri.  Any remaining allegations in Paragraph 104 of the First Amended Complaint are denied.

105.    CCMC admits that Medrano raised the issue of Paychex's withholding of a portion of her wages but denies that she provided Paychex with information it requested to adjust any withholding.  Any remaining allegations in Paragraph 105 of the First Amended Complaint are denied.

106.    CCMC denies the allegations in Paragraph 106 of the First Amended Complaint.

107.    CCMC denies the allegations in Paragraph 107 of the First Amended Complaint.

108.    CCMC admits only that there was a delay in Medrano receiving her wages for her final pay period.  As Matthews has since received her pay for the period January 17, 2022 through January 27, 2022, CCMC denies the allegation that CCMC "did not pay her for this period at all." Any remaining allegations in Paragraph 108 of the First Amended Complaint are denied.

### D.  Background – Defendant's [Alleged] Knowledge of Overtime

109.  CCMC denies the allegations in Paragraph 109 of the First Amended Complaint.

110.  CCMC denies the allegations in Paragraph 110 of the First Amended Complaint.

111.  CCMC denies the allegations in Paragraph 111 of the First Amended Complaint.

112.  CCMC denies the allegations in Paragraph 112 of the First Amended Complaint.

113.  CCMC denies the allegations in Paragraph 113 of the First Amended Complaint.

114.  CCMC denies the allegations in Paragraph 114 of the First Amended Complaint.

115.  CCMC denies the allegations in Paragraph 115 of the First Amended Complaint.

116.  CCMC denies the implication in Paragraph 116 of the First Amended Complaint that it does not maintain accurate employee time records.  The remaining allegations are denied.

117.  CCMC denies the allegations in Paragraph 117 of the First Amended Complaint.

### E.  Defendant's [Alleged] Policy and Practice of Not Paying Overtime Compensation to Receptionists, Assistant Property Managers, and Accounts Payable/Receivable Assistants

118.  CCMC denies the allegations in Paragraph 118 of the First Amended Complaint.

119.  CCMC denies the allegations in Paragraph 119 of the First Amended Complaint.

120.  CCMC denies the allegations in Paragraph 120 of the First Amended Complaint.

121.  CCMC denies the allegations in Paragraph 121 of the First Amended Complaint.

122.  CCMC denies the allegations in Paragraph 122 of the First Amended Complaint.

123.  CCMC admits only that Matthews sent an email in or around January 2022 that generally referenced the FLSA and VOWA but denies that Matthews ever stated that she was entitled to overtime compensation for any time worked.  Any remaining allegations in Paragraph 123 of the First Amended Complaint are denied.

### F.      Additional Allegations

124.    The allegations in Paragraph 124 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

125.    The allegations in Paragraph 125 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

126.    CCMC denies the allegations in Paragraph 126 of the First Amended Complaint.

127.    CCMC denies the allegations in Paragraph 127 of the First Amended Complaint.

128.    CCMC denies the allegations in Paragraph 128 of the First Amended Complaint.

129.    The allegations in Paragraph 129 of the First Amended Complaint refer to a statute that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

130.    CCMC denies the allegations in Paragraph 130 of the First Amended Complaint.

131.    The allegations in Paragraph 131 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

## V.    FLSA COLLECTIVE ACTION ALLEGATIONS

132.    The allegations in Paragraph 132 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

133.    The allegations in Paragraph 133 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

15

134.    The allegations in Paragraph 134 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

135.    CCMC denies the allegations in Paragraph 135 of the First Amended Complaint.

136.    CCMC denies the allegations in Paragraph 136 of the First Amended Complaint.

137.    CCMC denies the allegations in Paragraph 137 of the First Amended Complaint.

138.    CCMC denies the allegations in Paragraph 138 of the First Amended Complaint.

139.    CCMC denies the allegations in Paragraph 139 of the First Amended Complaint.

140.    CCMC denies the allegations in Paragraph 140 of the First Amended Complaint.

141.    CCMC denies the allegations in Paragraph 141 of the First Amended Complaint.

142.    CCMC denies the allegations in Paragraph 142 of the First Amended Complaint.

143.    The allegations in Paragraph 143 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

144.    The allegations in Paragraph 144 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

145.    CCMC denies the allegations in Paragraph 145 of the First Amended Complaint.

146.    The allegations in Paragraph 146 of the First Amended Complaint refer to a written document that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

## VI.    VOWA COLLECTIVE ACTION ALLEGATIONS

147.    The allegations in Paragraph 147 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

148.    CCMC denies the allegations in Paragraph 148 of the First Amended Complaint.

149.    CCMC denies the allegations in Paragraph 149 of the First Amended Complaint.

150.    CCMC denies the allegations in Paragraph 150 of the First Amended Complaint.

151.    CCMC denies the allegations in Paragraph 151 of the First Amended Complaint.

152.    CCMC denies the allegations in Paragraph 152 of the First Amended Complaint.

153.    CCMC denies the allegations in Paragraph 153 of the First Amended Complaint.

154.    CCMC denies the allegations in Paragraph 154 of the First Amended Complaint.

155.    CCMC denies the allegations in Paragraph 155 of the First Amended Complaint.

156.    CCMC denies the allegations in Paragraph 156 of the First Amended Complaint.

157.    CCMC admits that Plaintiffs allege purported violations of the VOWA but expressly denies that any violations occurred.  Any remaining allegations in Paragraph 157 of the First Amended Complaint are denied.

158.    The allegations in Paragraph 158 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

159.    The allegations in Paragraph 159 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

160.    CCMC denies the allegations in Paragraph 160 of the First Amended Complaint.

161.     The allegations in Paragraph 161 of the First Amended Complaint refer to a written document that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

## VI.    CLAIMS

### COUNT I:  ALLEGED VIOLATIONS OF FAIR LABOR STANDARDS ACT
### (Alleged Overtime Violations)
### (On Behalf of Plaintiffs and FLSA Collective)

162.     CCMC incorporates its responses to Paragraphs 1 through 161 of the First Amended Complaint as if fully set forth herein.

163.     The allegations in Paragraph 163 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

164.     The allegations in Paragraph 164 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

165.     CCMC denies the allegations in Paragraph 165 of the First Amended Complaint.

166.     CCMC denies the allegations in Paragraph 166 of the First Amended Complaint.

167.     The allegations in Paragraph 167 of the First Amended Complaint refer to a written document that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

168.     CCMC denies that Plaintiffs are entitled to any of the relief sought in Paragraph 168 of the First Amended Complaint.  Any remaining allegations are denied.

### COUNT II:  ALLEGED VIOLATIONS OF THE VIRGINIA OVERTIME WAGE ACT
### (Alleged Overtime Violations)
### (On Behalf of Plaintiffs and VOWA Collective)

169.     CCMC incorporates its responses to Paragraphs 1 through 168 of the First Amended Complaint as if fully set forth herein.

170.    The allegations in Paragraph 170 of the First Amended Complaint consist of legal conclusions and speculative allegations to which no response is required.  To the extent a response is required, the allegations are denied.

171.    The allegations in Paragraph 171 of the First Amended Complaint quote from a statute that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

172.    CCMC admits that Plaintiffs purport to bring claims under the VOWA but expressly deny that any violations occurred.  Any remaining allegations in Paragraph 172 of the First Amended Complaint are denied.

173.    The allegations in Paragraph 173 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

174.    The allegations in Paragraph 174 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

175.    CCMC denies the allegations in Paragraph 175 of the First Amended Complaint.

176.    The allegations in Paragraph 176 of the First Amended Complaint quote from a statute that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

177.    CCMC denies the allegations in Paragraph 177 of the First Amended Complaint.

178.    The allegations in Paragraph 178 of the First Amended Complaint refer to a written document that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

179.    CCMC denies that Plaintiffs are entitled to any of the relief sought in Paragraph 179 of the First Amended Complaint.  Any remaining allegations are denied.

**COUNT III: ALLEGED VIOLATIONS OF VIRGINIA WAGE PAYMENT ACT**
**(Alleged Failure to Pay Wages/Unlawful Withholding from Wages Violation)**
**(On Behalf of Plaintiffs Matthews and Medrano Only)**

180.    CCMC incorporates its responses to Paragraphs 1 through 179 of the First Amended Complaint as if fully set forth herein.

181.    The allegations in Paragraph 181 of the First Amended Complaint consist of legal conclusions to which no response is required.  To the extent a response is required, the allegations are denied.

182.    The allegations in Paragraph 182 of the First Amended Complaint quote from a statute that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

183.    The allegations in Paragraph 183 of the First Amended Complaint quote from a statute that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

184.    CCMC admits that Matthews was paid a salary of $2,038.46 per pay period and that a pay period consists of eighty (80) hours.  CCMC further admits that $2,038.46 divided by eighty (80) hours is equivalent to $25.48 per hour. Any remaining allegations in Paragraph 184 of the First Amended Complaint are denied.

185.    CCMC admits that Medrano was paid a salary of $1,373.08 per pay period and that a pay period consists of eighty (80) hours.  CCMC further admits that $1,373.08 divided by eighty (80) hours is equivalent to $17.16 per hour.  Any remaining allegations in Paragraph 185 of the First Amended Complaint are denied.

186.    CCMC admits that Matthews' last day of employment was January 27, 2022. CCMC admits that there was a slight delay in Matthews receiving her wages for her final pay period that was promptly rectified.  Matthews has since received her pay for the period January

17, 2022 through January 27, 2022. Any remaining allegations in Paragraph 186 of the First Amended Complaint are denied.

187.    CCMC admits that Medrano's last day of employment was January 28, 2022. CCMC admits that there was a slight delay in Medrano receiving her wages for her final pay period that was promptly rectified. Medrano has since received her pay for the period January 17, 2022 through January 27, 2022. Any remaining allegations in Paragraph 187 of the First Amended Complaint are denied.

188.    CCMC denies the allegations in Paragraph 188 of the First Amended Complaint.

189.    CCMC denies the allegations in Paragraph 189 of the First Amended Complaint.

190.    CCMC denies the allegations in Paragraph 190 of the First Amended Complaint.

191.    CCMC denies that Plaintiffs are entitled to any of the relief sought in Paragraph 191 of the First Amended Complaint. Any remaining allegations are denied.

### COUNT IV: ALLEGED VIOLATIONS OF VIRGINIA WAGE PAYMENT ACT
### (Alleged Failure to Pay Wages/Unlawful Withholding from Wages Violations)
### (On Behalf of Plaintiff Medrano Only)

192.    CCMC incorporates its responses to Paragraphs 1 through 191 of the First Amended Complaint as if fully set forth herein.

193.    The allegations in Paragraph 193 of the First Amended Complaint quote from a statute that speaks for itself. CCMC denies any allegations inconsistent with the terms thereof.

194.    The allegations in Paragraph 194 of the First Amended Complaint quote from a statute that speaks for itself. CCMC denies any allegations inconsistent with the terms thereof.

195.    CCMC admits that Paychex, its payroll agent, deducted a portion of Medrano's wages in accordance with a child support order from a court for the State of Missouri. Any remaining allegations in Paragraph 195 of the First Amended Complaint are denied.

196.    The allegations in Paragraph 196 of the First Amended Complaint refer to a written document that speaks for itself.  CCMC denies any allegations inconsistent with the terms thereof.

197.    CCMC admits that Paychex, its payroll agent, deducted a portion of Medrano's wages in accordance with a child support order from the State of Missouri.  Any remaining allegations in Paragraph 197 of the First Amended Complaint are denied.

198.    CCMC admits that Medrano did not "provide any written and signed authorization for this withholding from her wages" but denies that any such authorization was necessary since Paychex, CCMC's payroll agent, deducted the required portion of Medrano's wages in accordance with a child support order from the State of Missouri.  Any remaining allegations in Paragraph 198 of the First Amended Complaint are denied.

199.    CCMC admits that Medrano raised the issue of Paychex's withholding of a portion of her wages but denies that she provided Paychex with information it requested to support an adjustment of the withholding.  Any remaining allegations in Paragraph 199 of the First Amended Complaint are denied.

200.    CCMC denies the allegations in Paragraph 200 of the First Amended Complaint.

201.    CCMC denies the allegations in Paragraph 201 of the First Amended Complaint.

202.    CCMC denies the allegations in Paragraph 202 of the First Amended Complaint.

203.    CCMC denies that Medrano is entitled to any of the relief sought in Paragraph 203 of the First Amended Complaint.  Any remaining allegations are denied.

204.    Any allegations in Plaintiffs' First Amended Complaint not specifically addressed above are denied.

## FLSA RELIEF REQUESTED

No response is necessary to the "Wherefore" clause in the section of the First Amended Complaint titled "FLSA RELIEF REQUESTED." To the extent a response is necessary, CCMC denies that Plaintiffs are entitled to any relief whatsoever.

## VOWA RELIEF REQUESTED

No response is necessary to the "Wherefore" clause in the section of the First Amended Complaint titled "VOWA RELIEF REQUESTED." To the extent a response is necessary, CCMC denies that Plaintiffs are entitled to any relief whatsoever.

## VWPA RELIEF REQUESTED

No response is necessary to the "Wherefore" clause in the section of the First Amended Complaint titled "VWPA RELIEF REQUESTED." To the extent a response is necessary, CCMC denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The First Amended Complaint fails to state claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Exempt Employees)

Plaintiffs' claims are barred, in whole or in part, because they were exempt from the applicable FLSA and VOWA provisions providing for the payment of overtime.

### THIRD AFFIRMATIVE DEFENSE
### (No Violation)

Plaintiffs are not entitled to any relief from CCMC because CCMC did not violate the FLSA, VOWA, or VWPA, and Plaintiffs were properly compensated for all hours worked.

### FOURTH AFFIRMATIVE DEFENSE
### (Good Faith)

Assuming, *arguendo*, Plaintiffs and those individuals they purport to represent could establish actual claims, Plaintiffs and those individuals are not entitled to liquidated damages because CCMC acted in good faith and had reasonable grounds for believing the alleged act or omission was not a violation of the FLSA, VOWA, or VWPA.

### FIFTH AFFIRMATIVE DEFENSE
### (Accord and Satisfaction)

Plaintiffs' claims are barred, in whole or in part, because they have been fully compensated for any wages owed, and by accepting payments made to them, have effectuated an accord and satisfaction of their claims.

### SIXTH AFFIRMATIVE DEFENSE
### (Not Suffered or Permitted to Work)

Plaintiffs were not suffered or permitted to work during any time for which they allege they were not paid the appropriate wage rate, including overtime rates.

### SEVENTH AFFIRMATIVE DEFENSE
### (Hours Worked Were *De Minimis*)

To the extent Plaintiffs claim they are entitled to pay for time they spent working or working overtime, such time was *de minimis* and not compensable.

### EIGHTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, including but not limited to the two- and three-year statute of limitations contained in the FLSA and the three-year statute of limitations in the VOWA.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their alleged damages.

### TENTH AFFIRMATIVE DEFENSE
### (Lack of Knowledge)

Plaintiffs' claims are barred, in whole or in part, to the extent that CCMC had no knowledge of, or reason to know, that Plaintiffs were working any time for which they were not paid in accordance with federal, state, or local law.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Plaintiffs Not Similarly Situated)

Collective or Class Action relief is not appropriate in this matter as Plaintiffs are not similarly situated to the similarly situated individuals they purport to represent.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Meet Class Requirements)

Plaintiffs have failed to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure to certify the putative class because the class is not so numerous that joinder of all members is impracticable as CCMC typically does not employ more than twenty individuals at a given time, there are not questions of law or fact common to the class, the claims and defenses of the representative parties are not typical of the claims or defenses of the class; and the representative parties will not fairly and adequately protect the interests of the class.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Offset)

CCMC is entitled to a credit or offset for any amounts overpaid to Plaintiffs during the course of their employment with CCMC.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiffs accepted the payments made to them without objection; therefore, Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

**FIFTHEENTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiffs accepted the payments made to them without objection; therefore, Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

Plaintiffs accepted the payments made to them without objection; therefore, Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Defenses, Protections, and Limitations of FLSA)**

CCMC invokes the defenses, protections, and limitations of the FLSA, 29 U.S.C. § 201, *et seq*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Recordkeeping)**

CCMC complied with all recordkeeping requirements of the FLSA, VOWA, and VWPA.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Acts of Third Parties)**

Matthews' and Medrano's claims against CCMC for violations of the VWPA are barred because any alleged damages were caused by the acts or omissions of third parties.

26

### TWENTIETH AFFIRMATIVE DEFENSE
### (No Overtime)

Plaintiffs are not entitled to any relief from CCMC for their FLSA and VOWA claims because they cannot establish that they ever worked any overtime during their employment with CCMC.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Reservation of Rights)

CCMC expressly reserves the right to amend its response to add, delete, or modify any defenses or responses based on any legal theory or factual information that may be divulged through discovery.

WHEREFORE, CCMC respectfully requests that the Court dismiss the First Amended Complaint in its entirety and that the Court award any other relief it deems just and proper.


Dated:  June 1, 2022                                  Respectfully submitted,

                                                      **COMMERCIAL CONDOMINIUM
                                                      MANAGEMENT COMPANY**

                                                      */s/ Martin J. Amundson*
                                                      Amy Miller (VSB No. 70698)
                                                      Martin J. Amundson (VSB No. 86735)
                                                      1737 King Street
                                                      Suite 500
                                                      Alexandria, VA 22314-2727
                                                      Tel.:    (703) 838-6598
                                                      Fax:    (703) 836-2021
                                                      Email:  amy.miller@bipc.com
                                                                martin.amundson@bipc.com

                                                      *Counsel for Defendant Commercial
                                                      Condominium Management Company*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 1st day of June, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice to the following:

Timothy Coffield, Esq.
**COFFIELD PLC**
106-F Melbourne Park Circle
Charlottesville, VA 22901
Email: tc@coffieldlaw.com

*Counsel for Plaintiffs*

*/s/ Martin J. Amundson*
Martin J. Amundson